UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

Della Pierre,

                Plaintiff                3:24-CV-346
                                           (MJK)

v.

Commissioner of Social Security,

                Defendant.

---

Peter A. Gorton, Esq., Attorney for Plaintiff
Geoffrey M. Peters, Esq., Special Assistant United States Attorney for
Defendant

## DECISION AND ORDER

Before the Court is Pierre's Notice of Motion for Attorney's Fees pursuant to 42 U.S.C. § 406(b)(1). (Dkt. 18). The Commissioner filed a response neither supporting nor opposing the motion. (Dkt. 20). Although Pierre's counsel attests that the motion (Dkt. 18-1, ¶1) was sent to Pierre in accordance with L.R. 5.5(g)(2), **the requirement to do so is no longer found in the Local Rules**. This obligation is

found in section F(2) of General Order No. 18.[1] The parties consented to the jurisdiction of the Magistrate Judge. (G.O. 18 and Dkt. 7).

Pierre entered a contingency fee agreement with her attorney, Peter Gorton (Dkt. 18-4), under which Pierre agreed to pay a twenty-five (25%) percent contingency fee on all past due benefits awarded to her, subject to repayment of any fees paid to her counsel under the Equal Access to Justice Act ("EAJA"). Attorney Gorton seeks the total sum of $18,622.25, noting his obligation to refund Pierre $6,976.10 that he previously received under EAJA. (Dkt. 18-1, ¶6).[2]

Attorney Gorton attests that he was retained by Pierre on February 21, 2022. (Dkt. 18-1, ¶3). He represented Pierre at her first hearing and subsequent appeal, which was later appealed to this Court, resulting in a remand on September 23, 2024. *Id.* Attorney Gorton represented Pierre at her second hearing which resulted in a fully

---

[1] Counsel has been advised of this error in several prior orders of this Court. Counsel has an obligation to keep apprised of the Local Rules and General Orders of this Court.

[2] Counsel also requests that this motion be held in abeyance pending advice from the Commissioner concerning awards to Pierre's dependents. The Court denies that request but will reserve to Pierre the right to make a supplemental application.

favorable decision generating the award notice dated December 21, 2025, which is the subject of her motion for fees. (Dkt. 18-3).

The Court must determine whether the attorney's fees award requested is reasonable. *See Gisbrecht v. Barnhart,* 535 U.S. 789, 798 n.6 (2002). To make this finding, the Court considers the factors set forth in *Fields v. Kijakazi,* 24 F.4th 845,853-56 (2d Cir. 2022). First, the fully favorable outcome achieved by Attorney Gorton speaks for itself. Second, as the record shows, Attorney Gorton was not responsible for any undue delay (for example, the record was filed by the Commissioner on June 3, 2024 (Dkt. 8), and Plaintiff's brief was filed on July 18, 2024. (Dkt. 9). Third, Attorney Gorton has well over thirty years of experience, and his practice is highly concentrated in the handling of Social Security Disability cases at the administrative level and before federal courts. (Dkt. 18-1, ¶ 4). Fourth, the hours spent by Attorney Gorton reflect his efficiency in handling these types of cases. (Dkt. 18-2). Fifth, there is no evidence that Pierre is unsatisfied with his efforts. Sixth, the nature of these cases makes a favorable result uncertain, yet the effort to achieve the result is a constant.

The Court finds that the effective hourly rate of $564 (Dkt. 18-1, ¶6) is reasonable given Attorney Gorton's experience and the Court's understanding of hourly rates charged by attorneys with that level of experience in this community. The Court finds that the total fee is reasonable and will not exceed 25% of the total of Pierre's past-due benefits in the amount of $74,489.

**WHEREFORE**, it is hereby

**ORDERED**, that the motion is granted in full, and Attorney Peter Gorton is awarded attorney's fees in the amount of $18,622.25 and it is further

**ORDERED**, that Attorney Peter Gorton shall refund to Pierre any fees he previously received under the EAJA, to wit, $6976.10, and it is further

**ORDERED**, that Pierre has leave to file, within 30 days of the receipt of award notices for Pierre's dependents, a supplemental application for fees.

Dated: May 15, 2026

_____
Hon. Mitchell J. Katz
U.S. Magistrate Judge